## Campbell County Court *vs* Coons, &c. CHANCERY.
## Same *vs* Cooper.

APPEALS FROM THE CAMPBELL CIRCUIT.                    *Case* 111.

*County collectors. Mistakes. Delinquent lists.*

JUDGE BRECK delivered the opinion of the Court.                    *June* 19.

THESE bills were filed by a part of the sureties of Sta- The case stated. cy Reeves, late Sheriff of the county of Campbell, seeking to be relieved against judgments, rendered against

them as sureties of said Sheriff, by and in favor of the Justices of the Campbell County Court. There were two suits and two judgments enjoined. The cases were consolidated and on final hearing, the Court below granted the relief sought, by perpetually enjoining both judgments. And the County Court has appealed to this tribunal.

The main question involved is, whether a Court of equity had jurisdiction of the cause.

The material facts appearing in the record are these :

Reeves was the Sheriff of the county of Campbell for the years 1834 and 1835, and as such collected the county levy laid in 1833 and also in 1834. For the collection of the levy of 1833, he executed bond with the complainants in one of the bills before us, and John Colvin, W. H. Lacy and Lewis Reeves, as his sureties.

For the collection of the levy of 1834, he gave bond with the complainants in the other bill, among whom was Coons, a complainant in the first named bill, and Colvin, Lacey and Lewis Reeves as his securities. The sureties Colvin and Lacey were the deputies of Reeves, and also continued as the deputies of the two succeeding Sheriffs, Carmack and Carlisle.

Stacy Reeves removed from the State, and in 1839, the County Court appointed commissioners to settle with all three of these Sheriffs. The settlement was made with their deputies, Colvin and Lacey, without notice to Reeves or the complainants. The parties to the settlement, instead of beginning with Reeves and coming down, began with the last Sheriff and went back, applying all the vouchers the deputies had, or produced, to the claims of the county upon the two last Sheriffs, leaving the deficit to fall upon Reeves. It appears that credits to a large amount, which Reeves was entitled to, were applied and allowed as credits to the last Sheriffs.

Reeves was consequently found in default, in large sums for both years of his sheriffalty, 1834 and 1835. The settlement thus made was returned, approved by the Court and recorded.

Upon motions subsequently made in the name of the county attorney, for the Justices of the County Court, the

Court rendered judgments against the sureties of Reeves for the sums he had been reported in default.

The complainants, thereupon, exhibited their bills, alledging these facts, and that they had not, so far as their fraud in the settlement was concerned, come to their knowledge till after the judgments had been rendered against them. They further alledge a mistake in the addition of the levy, for which Reeves was chargable, of one hundred dollars, to his prejudice. The Court referred the case to an auditor and upon his report, no exceptions being taken to it, the Court perpetually enjoined both judgments.

To the extent that the credits, which Reeves was entitled to, were applied to the credit of the succeeding Sheriffs, we think the Court could well take jurisdiction, and grant releif.

The settlement in that respect was a fraud upon Reeves and the complainants. The justices or commissioners, who made it, appear from their own testimony, to have been aware at the time of the misapplication of Reeves' credits, and conscious of the impropriety. They excuse themselves upon the ground that the deputies were desirous that the settlement should be made in that way, representing that they had vouchers sufficient to discharge the claims of the county against all the three Sheriffs. But when it was ascertained that this was not the fact, the commissioners should have corrected the settlement, and not have tolerated and sanctioned such obvious injustice. Had the settlement thus made operated upon the deputies alone, the case would have been different; but it seriously affected the rights of others, who in point of fact were no parties and had no notice of it. Against such injustice and fraud the complainants were entitled to relief, and we think they have sought it by the appropriate, and, under the circumstances, the only remedy.

The complainants were also entitled to relief for the mistake of $100, made in the addition of the levy as we have seen, to the prejudice of Reeves.

But we are of opinion the Court erred in granting the complainants any relief on account of the *delinquent lists* reported by the auditor. They appear to have been ad-

CAMPBELL.
COUNTY COURT
*vs*
COONS, &c.

Mistakes in settlements made by Commissioners, made upon settlements with collectors of county levy, are properly corrected at the instance of the sureties, by the Chancellor.

The Chancellor will not correct the errors of the County Court in rejecting the delinquent list of a collector of county levies.

ditional lists to those returned by *the deputies*, at the proper time and allowed by the County Court.

.They appear also to have been subsequently presented and rejected. Whether the County Court was or not, right in rejecting and refusing to allow them, was a matter, we think, not properly cognizable in a Court of equity. As the record now stands the Court was right in overruling the exceptions to the depositions of Colvin and Lacey. The effect of their testimony was not to relieve them from liability upon the judgments in question, nor do we perceive that they would be otherwise benefited by the complainants obtaining the relief sought. It would leave the judgments still in force against them.

We are further of opinion that Colvin, and Lacey and Stacy Reeves were necessary parties. Neither of them answered nor was either brought before the Court. The two Sheriffs succeeding Reeves, Carmack and Carlisle, whose interests may be affected by the disposition of this case, should also be made parties.

The decree is reversed and the cause remanded, with direction, if the complainant shall fail in a reasonable time, by appropriate pleadings and process, to bring the proper parties before the Court, to dismiss their respective bills without prejudice.

*Cates & Lindsey* for appellants : *Morehead & Reed* for appellees.

---

CHANCERY.

Case 112.

June 19.

The case stated.